# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| Liam Wallis,<br><br>        Plaintiff,<br><br>vs.<br><br>The Boeing Company, Anthony Timms, and Monica Williams<br><br>        Defendants. | C/A No.: 2:19-cv-1115-RMG<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**TO:** **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION; THE CIRCUIT COURT FOR CHARLESTON COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

1. Please take notice that Defendant The Boeing Company ("Boeing") pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and with the consent of Defendants Anthony Timms and Monica Williams, hereby removes the above-entitled action from the Court of Common Pleas for Charleston County, State of South Carolina, to the United States District Court for the District of South Carolina, Charleston Division. In support, Boeing states as follows:

2. This action was instituted by Plaintiff against Boeing, by service of the Summons and Complaint upon its registered agent for Boeing, via U.S. certified mail on March 21, 2019. The action was instituted by Plaintiff against Defendant Anthony Timms by service of the Summons and Complaint via a process server on March 25, 2019. Defendant Monica Williams's counsel accepted service of the Summons and Complaint on April 2, 2019. This action is pending in the Court of Common Pleas of Charleston County, State of South Carolina, under Case Number 2019-CP-10-1379.

3.   The undersigned represents all Defendants in this action.

4.   The Notice of Removal is filed within thirty (30) days of service on Boeing pursuant to 28 U.S.C. § 1446(b)(1).  A copy of the attached Summons and Complaint constitute all process and pleadings served in this action (Exhibit A).

5.   Defendant is entitled to removal of the aforesaid civil action to this Court on the grounds of federal question jurisdiction.

6.   Plaintiff's Complaint alleges a cause of action for failure to pay overtime wages. Although Plaintiff does not allege any statutory law on which this claim is based, he alleges that he did not have executive or administrative duties, he was required to be paid his base hourly rate plus half for any hours worked in excess of forty in a workweek, he worked in excess of forty hours per week, and he did not receive the proper overtime pay for the hours Plaintiff worked in excess of forty hours in a workweek. (Complaint, ¶¶ 9, 11 and 12). Based on these allegations, his claim is one for overtime pay under the Fair Labor Standards Act ("FLSA"). The FLSA is the comprehensive, exclusive remedial scheme to address an employee's right to overtime pay, and preempts any attempt to bring a claim for overtime pay under the South Carolina Payment of Wages Act or any other state law.  *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed exclusive remedies in the FLSA for violations of its mandates."); *Meller v. Wings Over Spartanburg, LLC*, No. 2:15-CV-2094-PMD, 2016 WL 1089382, at *4 (D.S.C. Mar. 21, 2016) (stating, "the law is clear in the Fourth Circuit that state-law claims duplicating FLSA claims are preempted," and finding plaintiff's state law claim for unjust enrichment to recover unpaid minimum and overtime wages is preempted); *Void v. Orangeburg County Disabilities and Special Needs*, No. 5:14-cv-02157-JMC, 2015 WL 404247, at *5 (D.S.C. Jan. 29, 2015)(citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007)

("[W]e must hold today that Congress prescribed exclusive remedies in the FLSA for violations of its mandates . . . . Our conclusion is consistent with the rulings of several district courts deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims."); *Rodall v. City of Columbia*, No. 3:13–207–CMC–PJG, 2015 WL 178112, at *13 (D.S.C. Jan.14, 2015) (holding that plaintiff's claims for overtime pay that "he purports to assert under the South Carolina Payment of Wages Act are preempted by the FLSA or are otherwise unavailable under that Act."); *McMurray v. LRJ Restaurants, Inc.*, No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) ("To the extent that Plaintiff seeks compensation under the Wage Act for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage as a result of Defendants' failure to pay him for all hours worked, *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed."); *Bowen v. Darby Dev. Co.*, No. CIV.A. 2:10-2509-RMG, 2012 WL 2675323, at *16 (D.S.C. Apr. 26, 2012), *report and recommendation adopted*, No. 2:10-CV-2509-RMG, 2012 WL 2675470 (D.S.C. July 6, 2012) (finding FLSA was enacted as "a comprehensive, exclusive remedial scheme to address employees' right to overtime pay," and, therefore, dismissing plaintiff's claim for unpaid overtime under the South Carolina Payment of Wages Act.); *Nimmons v. RBC Ins. Holdings (USA), Inc.*, No. 6:07-cv-2637, 2007 WL 4571179, at *1 (D.S.C. Dec. 27, 2007) (finding that "Plaintiff's state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA," and relying on *Anderson v. Sara Lee Corp.* to find that "the FLSA preempts all state law causes of action premised upon failure to pay overtime. . . .").

7.  Plaintiff's Complaint also alleges a cause of action incorrectly couched as wrongful termination in violation of public policy. In this claim, Plaintiff alleges that he was

3

"terminated in retaliation for complying with Boeing's safety and engineering policies and regulations, rather than acquiescing to Boeing's policy of concealing non-conformities in the planes they were selling." (Complaint, ¶ 49). The allegations related to Plaintiff's wrongful termination claim fit squarely within the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"). *See* 49 U.S.C. § 42121.  In *Hobek v. Boeing Co.,* No. 2:16-cv-3840-RMG-MGB, 2017 WL 9250342, at *4 (D.S.C. June 8, 2017), the court specifically found that "AIR21 provides a statutory remedy for individuals who were retaliated against for providing information to their employer that related to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration, or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States." Thus, "AIR21 'creates a detailed administrative regime to protect whistleblowers who inform their employers or the federal government about violations of federal laws relating to air carrier safety.'" *Hobek*, 2017 WL 9250342, at *2 (quoting *Bombardier, Inc. v. United States Dep't of Labor*, 145 F. Supp. 3d 21, 25 (D.D.C. 2015)).  Because Plaintiff has a federal statutory remedy for his state law claim, federal question jurisdiction is appropriate.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (finding when a complaint alleges only state-law causes of action, a federal court may exercise jurisdiction under section 1331 if a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities."); *Hobek*, 2017 WL 9250342, at *4 (finding based on plaintiff had a federal statutory remedy under AIR21 that precluded his wrongful termination in violation of public policy claim); *see also Barron v. Labor Finders of South Carolina*, 393 S.C. 609, 615, 713 S.E.2d 634, 637 (2011) ("The public policy exception does not, however, extend to

4

situations where the employee has an existing statutory remedy for wrongful termination."); *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 413 S.E.2d 18 (1992) (employee allegedly terminated in retaliation for filing complaint under FLSA had existing statutory remedy for wrongful termination); *Epps v. Clarendon County,* 304 S.C. 424, 405 S.E.2d 386 (1991) (employee had an existing remedy for wrongful termination under section 1983); *Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 428 (D.S.C. 2014), appeal docketed, No. 14-2166 (4th Cir. Oct. 29, 2014), ("Title VII exists for [Plaintiff's] claims of wrongful termination . . . his public policy claims based on the same allegations are barred as a matter of law.").

8. Therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

10. Defendants Anthony Timms and Monica Williams consent to the removal of this action.

11. Boeing will timely provide a copy of the Notice of Removal to the Clerk of Court for Charleston County.

12. By copy of this Notice of Removal, and in accordance with the attached Certificate of Service, Boeing is providing notice to Plaintiff in this action and advising Plaintiff of this filing pursuant to 28 U.S.C. § 1446(d).

13. In the event any question arises as to the propriety of removal of this action, Boeing reserves the right to amend or supplement this Notice of Removal, and further requests

the opportunity to present briefs, oral arguments and, if necessary, affidavits and other evidence in support of its position that removal is proper.

    WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Boeing, with the consent of all Defendants, hereby removes this matter from the Court of Common Pleas for Charleston County, South Carolina, into this Court for trial and determination.

    s/Cherie W. Blackburn
Cherie W. Blackburn   (Federal ID No. 1575)
Melissa F. Spence   (Federal ID No. 11194)
Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
Phone:  843.577.9440
Facsimile:  843.720.1777
cblackburn@nexesenpruet.com
mspence@nexsenpruet.com

ATTORNEYS FOR DEFENDANTS
THE BOEING COMPANY, ANTHONY TIMMS
AND MONICA WILLIAMS

April 16, 2019
Charleston, South Carolina

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL has been served upon the following counsel of record by placing the same in the United States mail, first class postage prepaid, addressed to the following as shown below this 16th day of April, 2019 to the following:

    Michael H. Ellis (SC Bar #101524)
    O. Grady Query (SC Bar #4610)
    Query Sautter & Associates, LLC
    147 Wappoo Creek Drive, Suite 202
    Charleston, SC  29412
    mellis@qlawsc.com
    gquery@qlawsc.com
    Telephone: (843) 795-9500
    Facsimile:  (843) 762-1500

    ATTORNEYS FOR PLAINTIFF

    s/Cherie W. Blackburn
    NEXSEN PRUET, LLC
    205 King Street, Suite 400 (29401)
    P.O. Box 486
    Charleston, South Carolina 29402
    Telephone:  843.577.9440