# EXHIBIT "A"
# SUMMONS AND COMPLAINT

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | |
| ) | |
| LIAM WALLIS ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2019-CP - 10- _1379_ |
| vs. ) | |
| ) | |
| THE BOEING COMPANY, ) | |
| Defendant(s) ) | |

**Submitted By:** Michael H. Ellis
**Address:** Query Sautter & Associates, LLC
147 Wappoo Creek Drive, Suite 202
Charleston, South Carolina 29482

**SC Bar #:** 101524
**Telephone #:** 843-795-9500
**Fax #:** 843-762-1500
**Other:**
**E-mail:** mellis@qlawsc.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☒ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _/s/ Michael Ellis_     **Date:** 3/18/2019

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)     Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | FOR THE NINTH JUDICAL CIRCUIT |
| ) | Case No.: 2019-CP-10-_1379_ |
| Liam Wallis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| ) | (Jury Trail Demanded) |
| v. ) | |
| ) | |
| The Boeing Company, Anthony ) | |
| Timms, and Monica Williams, ) | |
| ) | |
| Defendants. ) | |

TO:   THE DEFENDANT, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy upon the subscriber at Query Sautter & Associates, LLC, The Wappoo Centre, 147 Wappoo Creek Drive, Suite 202, Charleston, South Carolina, within thirty (30) days after service thereof, exclusive of such date of service. If you fail to answer the Complaint within that time, the Plaintiff will apply to the Court, and demand judgment by default rendered against you for the relief demanded in the Complaint.

> QUERY SAUTTER & ASSOCIATES, LLC
>
> _/s/ Michael H. Ellis_
> Michael H. Ellis (SC Bar # 101524)
> mellis@qlawsc.com
> O. Grady Query (SC Bar # 4610)
> gquery@qlawsc.com
> 147 Wappoo Creek Drive, Suite 202
> Charleston, South Carolina 29412
> Telephone:   843.795.9500
> Facsimile:    843.762.1500
> ATTORNEY FOR PLAINTIFF

Dated: 3/18/2019
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | FOR THE NINTH JUDICAL CIRCUIT |
| ) | Case No.: 2018-CP-10-*1379* |
| Liam Wallis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| v. ) | |
| ) | |
| The Boeing Company, Anthony ) | |
| Timms, and Monica Williams ) | |
| ) | |
| Defendants. ) | |
| _____) | |

NOW COMES Plaintiff, Liam Wallis, by and through his undersigned counsel, complaining of the above named Defendants as follows:

### Parties and Jurisdiction

1. Plaintiff is a resident of Charleston County, South Carolina.

2. Defendant The Boeing Company (hereinafter "Boeing") is a foreign corporation doing business in the State of South Carolina, maintains offices in Charleston County, and transacts business in Charleston County, South Carolina.

3. Based upon information and belief, Defendant Anthony Timms is a resident of Charleston County, South Carolina.

4. Based upon information and belief, Defendant Monica Williams is a resident of Charleston County, South Carolina.

5. All transactions and occurrences giving rise to this action occurred in Charleston County, South Carolina.

6. This Court has jurisdiction over the parties and subject matter and venue is proper.

## Facts

7. Plaintiff has extensive experience in the aviation industry and is a Federal Airframe and Powerplant Licensee (hereinafter "A&P").

8. Plaintiff was hired by Boeing in April of 2011 as a Quality Assurance Conformity Manager (hereinafter "QACM").

9. QACM's are paid on an hourly basis and do not have any executive or administrative duties.

10. QACM's are trained on the job to perform their job duties, not requiring any specific degree or certifications.

11. Plaintiff was an employee required to be paid an overtime pay of his base hourly rate plus half for any hours worked in excess of forty (40) hours per week.

12. Defendant did not pay Plaintiff his proper overtime pay for the hours Plaintiff worked in excess of forty (40) hours per work week.

13. QACM's are Boeing employees tasked with inspecting all newly manufactured aircraft for compliance with Boeing's internal engineering and safety specifications.

14. Any non-conformity found by a QACM is referred to as "a finding" and must be documented and all repairs and subsequent inspections must be well documented.

15. Findings must be properly addressed in accordance with Boeing policies and ultimately can delay the sale of an aircraft to the purchaser.

16. The documentation of findings and any necessary repairs are commonly used by the purchaser of an aircraft to negotiate a reduced price for a Boeing aircraft.

17. In or about August of 2016, Plaintiff slipped a disk in his neck that required surgery.

18. Plaintiff missed time at Boeing under the Family and Medical Leave Act to recover from his injury.

19. Immediately prior to Plaintiff leaving for his injury, Defendant Monica Williams was promoted to supervise Plaintiff and the other Conformity Managers.

20. Plaintiff returned to Boeing on January 20, 2017 with some medical restrictions.

21. Upon Plaintiff's return to work, he was constantly followed and observed by Monica Williams.

22. Plaintiff immediately realized there was a back log of non-conformities or findings that needed to be inspected by the QACM's, fixed, and signed off by the QACM's.

23. Upon making an inquiry, Plaintiff's colleagues informed him that upon Monica Williams being promoted, all Boeing policies and procedures were disregarded and they were not willing to sign their names on documents containing all the shortcuts on the safety inspections of the planes they were building that were initiated by Monica Williams and Anthony Timms acting in concert and upon information and belief without the knowledge of the Boeing officers and policy makers.

24. While Plaintiff was out on FMLA Boeing systematically engaged in:
    a. "Goldplating" which is repeating a test until it is successful and then having the records show that the test was successful on the first attempt;
    b. Knowingly using out of date engineering specifications;
    c. Knowingly using uncertified technicians to perform maintenance and repairs;
    d. Violating the internal Boeing policy and procedures that were put in place to achieve final approval of each stage of production and make the plane immediately saleable;

    e. Disabling the automated system that notified all pertinent employees of mandatory inspections of newly manufactured aircraft; and

    f. Submitting conformities without documented repairs.

25. Upon confronting Defendant Monica Williams about all the Boeing policy violations and safety concerns he discovered, Plaintiff was told by Monica Williams and Anthony Timms that he was not to write up any findings of non-conformity without first receiving permission from them.

26. Plaintiff continued to do his job of inspecting all newly manufactured aircraft to ensure the safety of the public that relies upon Boeing's internal engineering and safety specifications and documented his findings of non-conformities.

27. Defendant Monica Williams yelled at Plaintiff that "you are not to write up violations".

28. On March 9, 2017, Plaintiff complained to Defendant Monica Williams's boss, Anthony Timms, that Monica Williams continuously removed documents from his desk and treated him harshly for documenting his findings of non-conformity, and creating a hostile work environment including but not limited to making threats against Plaintiff's life.

29. Anthony Timms told Plaintiff that Plaintiff already got Boeing all the training to qualify for certifications that they needed from him so they did not need him anymore and that Plaintiff would never be getting any more raises or promotions.

30. The day after Plaintiff spoke with Anthony Timms, Defendant Williams told Plaintiff that he needed to start looking for another job.

31. Immediately prior to Plaintiff leaving in November of 2016 for his neck surgery, an inspection was required to be done of the first barrel that came off the new enclave oven in Boeing's building 19.

32. This inspection was assigned to Plaintiff.

33. Upon Plaintiff's return to Boeing, he learned that this required inspection was not conducted in his absence and immediately worked on providing a report regarding the absence of the inspection.

34. Plaintiff discovered that the barrel was manufactured using obsolete engineering, all subsequent barrels were manufactured using obsolete engineering, undocumented repairs were made to the barrels, and that a fictitious QACM signed off on the repairs.

35. Plaintiff brought these non-conformities with Boeing's engineering specifications to management's attention and the investigation was pulled from Plaintiff and reassigned to Monica Williams.

36. Plaintiff feared that there was an escapement of all barrels produced in the new enclave oven, meaning that non-conforming aircraft barrels were being used to manufacture aircraft that were making their way into the fleet of aircraft used to transport passengers and freight.

37. Plaintiff pursued the matter, demanding that management of Boeing comply with Boeing's policies and self-report this escapement as required.

38. Directly after Plaintiff's ultimatum to Boeing, Plaintiff was informed by human resources that Boeing would no longer honor his medical work restrictions and Plaintiff was placed on a leave of absence without pay.

39. Plaintiff had his doctor lift the restrictions and he returned to work after being gone for a week.

40. Upon his return to Boeing, Plaintiff's every action was unduly scrutinized by Monica Williams and Anthony Timms in an attempt to find justification for Plaintiff's termination.

41. Plaintiff was wrongfully terminated from Boeing on June 15, 2017.

42. Based upon information and belief, Boeing sacrificed compliance with their own policies and regulations put in place for the protection of the public in exchange for the expedited completion of aircraft and profit from the sale of those aircraft.

43. Boeing confronted Plaintiff with the dilemma of choosing to maintain his livelihood by cooperating in Boeing's scheme of fraudulently concealing non-conformities in the aircraft they were selling, or complying with Boeing's established safety specifications and protecting the public that relies upon those regulations for their safety in air travel.

44. Based upon information and belief, Boeing continues to manufacture and place into the stream of commerce non-conforming barrels.

45. Based upon information and belief, Boeing has blackballed Plaintiff from the aircraft industry.

46. Plaintiff has never received his past due proper pay for his overtime work performed.

## For A First Cause of Action
(Wrongful Discharge as to Defendant The Boeing Company)

47. Plaintiff reiterates paragraphs 1-46 above as if set forth here in verbatim.

48. Plaintiff was an at-will-employee of Defendant.

49. He was terminated in retaliation for complying with Boeing's safety and engineering policies and regulations rather than acquiescing to Boeing's policy of concealing non-conformities in the planes they were selling.

50. Plaintiff's termination constitutes a violation of a clear mandate of public policy.

51. Plaintiff is entitled to damages including punitive damages.

### For A Second Cause of Action
(Civil Conspiracy as to Defendants Monica Williams and Anthony Timms)

52. Plaintiff reiterates paragraphs 1-51 above as if set forth here in verbatim.

53. Monica Williams and Anthony Timms combined and conspired for the purpose of injuring Plaintiff and advancing their own interests.

54. As a result of their civil conspiracy, Plaintiff has suffered special damages including but not limited to a loss of standing in the aviation community, lost wages, and mental anguish.

55. The Defendants' actions evidence a willful and wanton disregard of Plaintiff's rights.

56. Plaintiff is entitled to damages to include punitive damages.

### For A Third Cause of Action
(Failure to Pay Wages)

57. Plaintiff reiterates paragraphs 1-56 above as if set forth here in verbatim.

58. Plaintiff was an employee of Defendant.

59. Plaintiff regularly provided labor for Defendant in excess of forty (40) hours per work week.

60. Plaintiff was not properly compensated for his hours worked in excess of forty (40) hours per work week.

61. Plaintiff prays for relief in an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow.

**WHEREFORE**, Plaintiff prays for actual and punitive damages based upon the forgoing causes of action along with any further relief as this Court deems just and proper.

QUERY SAUTTER & ASSOCIATES, LLC

*/s/ O. Grady Query*
O. Grady Query, 6410
gquery@qlawsc.com
Michael Ellis, 101524
mellis@qlawsc.com
147 Wappoo Creek Drive, Suite 202
Charleston, South Carolina 29412
Telephone: 843.795.9500
Facsimile: 843.762.1500

March 18, 2019