IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Liam Wallis, | ) | Case No.: 2:19-CV-1115-RMG |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S RETURN TO DEFENDANTS' |
| | ) | MOTION TO DISMISS CAUSES OF ACTION |
| vs. | ) | FOR WRONGFUL TERMINATION AND |
| | ) | CIVIL CONSPIRACY IN AMENDED |
| The Boeing Company; Anthony | ) | COMPLAINT |
| Timms; and Monica Williams | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Liam Wallis issues this return to Defendants' motion to dismiss in part and requests that Defendants' motion to dismiss this action in part be denied based upon Plaintiffs well pled Complaint showing he is entitled to relief.

**Standard of Review**

R. 12(b)(6) FRCP is a defense made by motion for "failure to state a claim upon which relief can be granted". "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.1992) *citing to* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "We must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff" Republican Party, 980 F.2d 943, 952 (4th Cir. 1992) *citing to* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). "[A]

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely"' Bell Atlantic Corp. v. Twombly, *citing to* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## **Plaintiff Has a Well Pled Claim for Relief for Wrongful Termination**

### I.      The Termination of Plaintiff was in Violation of a Clear Mandate of Public Policy

"The doctrine of employment at will has been recognized in this State since Shealy v. Fowler, 188 S.E. 499 (1936)" Culler v. Blue Ridge Elec. Co'op, Inc., (S.C.1992).  "In [Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 219 (1985)] this Court joined a growing majority of state[s] that recognize the "public policy" exception to the doctrine of employment at will. Under the public policy exception, an employee has a cause of action in tort for wrongful discharge where there is a 'retaliatory discharge of the at-will employee in violation of a clear mandate of public policy'" id.

The termination of Mr. Wallis is in violation of a clear mandate of public policy.  As a Quality Assurance Conformity Manager, Mr. Wallis was "…tasked with inspecting all newly manufactured aircraft for compliance with Boeing's internal engineering and safety specifications." (Amended Complaint, para. 13).  In his well pled Complaint, Plaintiff alleges to have properly done "…his job of inspecting all newly manufactured aircraft to ensure the safety of the public that relies upon Boeing's internal engineering and safety specifications and documented his findings of non conformities" (Amended Complaint, para. 26).  Upon Plaintiff demonstrating to his managers and to Boeing Human Resources that he would continue to properly perform his job he was subjected to undue scrutiny, impediments, and reprimands (Amended Complaint, paras. 21; 25; 27; 29; 30; 38; and 40).  Because of his complying with his normal job duties of inspecting the newly manufactured planes for compliance with the Boeing's internal

engineering and safety inspections, "Plaintiff was wrongfully terminated from Boeing on June 15, 2017" (Amended Complaint, para. 41).

It was made abundantly clear to Plaintiff that he was to do nothing to slow down the sale of planes and profit for Boeing, including ensuring that the planes met Boeing's standards for safety.  As Plaintiff was faced with either losing his job or endangering the flying public that relies upon Boeing's design specifications and safety procedures (Amended Complaint, para. 43), the termination of Plaintiff falls within the public policy exception to employment at will.  South Carolina has recognized the safety and lives of the people of this state as a mandate of public policy (S.C. Const. Art. XII §1 "The health, welfare, and safety of the lives and property of the people of this State and the conservation of its natural resources are matters of public concern").  "The South Carolina Supreme Court has held that 'for purposes of judicial application it may be regarded as well settled that a state has no public policy, properly cognizable by the courts, which is not derived or derivable by clear implication from the established law of the state, as found in its Constitution, statutes, and judicial decisions'" Desmaraias v. Scientific Research Corp., 145 F.Supp.3d 595, 598 (D.S.C. 2015).  South Carolina, "by clear implication from the law of the state as found in its Constitution", has established the health, welfare and safety of the lives of the people of South Carolina to be a "clear mandate of public policy".

## II.     Air 21 Does Not Bar Plaintiff's State Claim for Wrongful Termination

Defendants argue that 49 U.S. Code § 42121 (also known as "AIR 21) bars Plaintiff's State claim for wrongful termination.  However, the Court should not even consider this statute when considering whether or not to grant Defendant's 12(b)(6) motion as it is a defense that may not properly be determined on a 12(b)(6) prior to discovery due to it, as discussed in further detail below, requiring scrutiny of facts outside of the complaint including but not limited to Plaintiff's

subjective view of why he was terminated, and an objective view of why Plaintiff was terminated. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint; "**importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses**" Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1998) *citing to* Republican Party, supra. at 952 (emphasis added). Defendants' contend that Plaintiff was wrongfully terminated based upon engaging in a protected activity under AIR 21 whereas Plaintiff contends that he was wrongfully terminated for complying with his normal work duties that are not protected under AIR 21. Therefore, there exists a contests surrounding the facts requiring Defendants' 12(b)(6) motion to be denied.

In order for § 42121 to provide Plaintiff with an existing statutory remedy as Defendants contend, he must have been discriminated against for engaging in protected activity. As defined by § 42121, protected activity is when an employee:

> (a)(1) "provided, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided to the employer or Federal Government information **relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States**..." (emphasis added)

Nowhere in Plaintiff's Complaint does he allege being terminated for providing to the employer or the Federal Government information regarding violation of Federal regulations, standards or laws. Plaintiff's job was to inspect the planes for compliance with Boeing specifications and standards. There was a whole separate division of Boeing, the Organization Designation Authority (hereinafter "ODA"), that consists of Boeing employees with the Federal Aviation Administration (hereinafter "FAA") authority to ensure the compliance with any "order, regulation or standard of the [FAA] or any other provision of Federal law relating to air carrier safety under this subtitled

or any other law of the United States.  "Although a complainant need not cite to a specific violation, allegations under AIR 21 must at least relate to violations of FAA orders, regulations, or standards (or any other violations of federal law relating to aviation safety)" Simpson v. United Parcel Service, ARB Case No.: 06-065 (March 14, 2008).

Plaintiff does not have a claim under AIR 21 because he was merely doing his job, which involved looking for problems with a newly manufactured plane including any safety concerns. Under the Sarbanes-Oxley Act, which "…adopts the burden-shifting framework applicable to whistleblower claims brought under [AIR 21]" Welch v. Chao, 536 F.3d 269 (4th Cir. 2008), activity is not protected activity when an employee is merely performing his work duties of reporting discovered issues (*see* Robinson v. Morgan Stanley, 2005-SOX-44 (A.L.J. Mar. 26, 2007) "[Plaintiff's] report to [employer] also fails to constitute protected activity because his job duties as Information Security Officer included reporting issues and concerns with the network, and an action that is part of an employee's assigned duties cannot be protected activity").

Defendant's contention that Plaintiff has an existing statutory remedy under AIR 21 requires an evaluation of Plaintiff's knowledge at the time of his wrongful termination extraneous to the complaint, requiring a denial of Defendant's 12(b)(6) motion to dismiss. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint" Republican Party, supra.  "Even if her complaints were specific, Simpson must also prove that she had a reasonable belief that a violation of an FAA regulation or order existed" Simpson v. UPS, supra.  The well pled facts in Plaintiff's Complaint only infer he was wrongfully terminated because of his determination to adhere to the Boeing safety standards, not any FAA or any other Federal government safety standards that would be protected activity under AIR 21.  "[A] rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiffs complaint as true and

drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief" <u>Edwards</u>, supra. at 244, *citing to* <u>Republican Party</u>, supra.

### **Plaintiff Has a Well Pled Claim for Relief for Civil Conspiracy**

"The tort of civil conspiracy has three elements (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage <u>Hackworth v. Greywood at Hammett, LLC</u>, 682 S.E.2d 871, 874 (Ct.App. 2009) *citing to* <u>Vaught v. Waites</u>, 387 S.E.2d 91, 95 (Ct.App. 1989). In his Amended Complaint, Plaintiff has alleged:

> "…Anthony Timms and Monica Williams conspired to have Plaintiff terminated" (Amended Complaint, para. 45)… "Anthony Timms and Monica Williams engaged in this conspiracy to minimize findings being reported to their bosses in an attempt to further their own careers" (Amended Complaint, para. 46)… "Anthony Timms and Monica Williams furthered their conspiracy to harm Plaintiff for their gain by depriving Plaintiff access to the internal computer systems that allowed Plaintiff to verify whether planes on the flight line were indeed ready for his inspection" (Amended Complaint, para. 47)… "the conspiracy by Anthony Timms and Monica Williams resulted in Plaintiff being forced to rely on others that two planes were ready to be inspected rather than being able to verify for himself on the computer system to which he was denied access by Timms and Williams" (Amended Complaint, para. 48)… "As a result of their civil conspiracy, Plaintiff has suffered special damages including but not limited to a loss of standing in the aviation community including being effectively "black listed" resulting in being denied employment opportunities for which he is well qualified…" (Amended Complaint, para. 58)

Plaintiff has properly pled his civil conspiracy cause of action. Two or more persons, Timms and Williams, conspired against Plaintiff to have him terminated from Boeing, causing the Plaintiff special damages in not being able to obtain future employment in the aviation industry. The causes of action against Boeing are for failure to pay proper overtime and for the loss of his job at Boeing and therefore losing that source of income. The civil conspiracy cause of action against Timms and Williams are for the loss of future alternate wages Plaintiff could have earned in the aviation industry due to their tarnishing of his good name.

Plaintiff's claim for civil conspiracy is not barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine holds that "[a] civil conspiracy cannot be found to exist when the acts alleged are those of employees or directors, in their official capacity, **conspiring with the corporation**" McMillan v. Oconee Memorial Hop., Inc., 626 S.E.2d 884, 886 (Ct.App. 2010) (emphasis added). Nowhere in his pleadings has Plaintiff alleged that Timms and Williams conspired with the Boeing Corporation. "However, although a corporation cannot conspire with itself, 'the agents of a corporation are legally capable as individuals, of conspiracy among themselves or with third parties'" Pridgen v. Ward, 705 S.E.2d 58, 391 S.C. 238, 244 (Ct.App. 2010) *citing to* Lee v. Chesterfield General Hosp., Inc., 344 S.E.2d 379, 383 (Ct.App. 1986). Plaintiff's allegations for civil conspiracy involve Timms and Williams, as individuals, conspiring amongst themselves.

Defendant's make the case that Plaintiff can only escape the intracorporate conspiracy doctrine by "…alleging that: (1) their acts were not authorized by Boeing; or (2) they had a "personal stake" in their alleged conspiratorial conduct, independent of their relationship to Boeing" *Defendant's Motion to Dismiss*, p.13-14. While it is Plaintiff's contention that the intracorporate conspiracy doctrine does not apply to individuals conspiring only amongst

themselves rather than with the corporate entity, Plaintiff still has pled the two scenarios that Defendants contend must be pled. Plaintiff has pled that Timms and Williams conspired with one another to get Plaintiff fired. While it is early in this case and discovery had not begun, it is assumed that Boeing has not authorized its employees to conspire against each other. Also, Plaintiff has pled that Timms and Williams had a "personal stake" in the conspiracy as they were conspiring to get Plaintiff fired in order to advance their own careers.

Plaintiff has properly pled his cause of action for civil conspiracy and requests that Defendants' motion to dismiss this cause of action be denied.

## **Conclusion**

Based upon Plaintiff's well pled complaint and the Court's analysis being limited to the sufficiency of the Complaint, Defendants' 12(b)(6) should be denied.

Respectfully submitted by,

QUERY SAUTTER & ASSOCIATES, LLC

/s/ Michael H. Ellis
O. Grady Query, 3188
Michael H. Ellis, Jr.12309
147 Wappoo Creek Drive, Suite 202
Charleston, South Carolina 29412
Telephone: 843-795-9500
Facsimile: 843-762-1500

Attorney for the Plaintiff

This 28th day of May, 2019
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Liam Wallis, | ) | Case No.: 2:19-CV-1115-RMG |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| The Boeing Company; Anthony Timms; and Monica Williams | ) ) | |
| | ) | |
| Defendants. | ) | |

I, the undersigned, hereby certify that I served a copy of the foregoing upon Cherie W. Blackburn, attorney for the Defendant, by placing a copy of same in the United States mail with sufficient postage attached thereto and addressed as follows:

Cherie W. Blackburn, Esquire
Nexsen Pruet
P.O. Box 486
Charleston, SC 29402

Dated: 05/28/19                                                                 /S MICHAEL H. ELLIS