UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Liam Wallis, | Case No.: 9:19-cv-1115-RMG |
| Plaintiff, | |
| v. | ORDER AND OPINION |
| The Boeing Company, Anthony Timms, and Monica Williams | |
| Defendants. | |

This matter comes before the court on Defendants partial motions to dismiss (Dkt. Nos. 5, 16.) For the reasons below, this Court denies the motions as moot and remands this case to state court as the Court lacks subject-matter jurisdiction.

I. **Background**

Plaintiff Liam Wallis filed this case in the Charleston County Court of Common Pleas on March 18, 2019. (Dkt. No. 1-1.) Plaintiff alleges, generally, that he was employed by Defendant The Boeing Company ("Boeing") as a Quality Assurance Conformity Manager ("QACM") since 2011. (Dkt. No. 12 at ¶ 8.) After sustaining an injury in August 2016, Plaintiff alleges that he took medical leave pursuant to the Family and Medical Leave Act. (*Id.* at ¶ 17.) Upon return from medical leave, Plaintiff alleges that he learned that a new supervisor had been disregarding Boeing safety policies while he was out on leave. (*Id.* at ¶¶ 23 – 24.) Plaintiff alleges that when he attempted to inform his managers about the policy violations, he was told not to write-up any of the alleged violations. (*Id.* at ¶¶ 25 – 28.) Plaintiff alleges that he brought further safety violations to Boeing's attention during 2017 and he was ultimately terminated on June 15, 2017 for refusing to conceal alleged safety violations. (*Id.* at ¶¶ 29 – 41.)

1

Plaintiff's complaint brings three causes of action. First, Plaintiff brings a claim for wrongful termination in violation of public policy, based on his alleged termination for reporting safety violations. (*Id.* at ¶¶ 51 – 55.) Second, Plaintiff brings a claim for civil conspiracy against his supervisors, relying on the same facts related to Defendants' alleged attempt to conceal safety violations. (*Id.* at ¶¶ 56 – 60.) Finally, Plaintiff brings a claim for unpaid wages, unrelated to the wrongful termination or civil conspiracy claim, alleging that Plaintiff worked in excess of forty hours per week, was not an exempt executive or administrative employee, and was not paid overtime. (*Id.* at ¶¶ 9 – 10, 61 – 65.)

Defendants removed the case to this Court on April 16, 2019. (Dkt. No. 1.) Defendants claim federal question jurisdiction, alleging that Plaintiff's claim for unpaid wages arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and that Plaintiff's claim for wrongful termination in violation of public policy is preempted by the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21 Act"), 49 U.S.C. § 42121. (*Id.*) Defendants subsequently moved to dismiss the claims for wrongful termination and civil conspiracy, alleging the wrongful termination claims are inappropriate as Plaintiff has a remedy under the AIR 21 Act, and separately that Plaintiff has failed to make out a claim for civil conspiracy. (Dkt. Nos. 5, 16.) Plaintiff opposes the motions, and Defendants filed replies.[1] (Dkt. Nos. 13, 15, 27, 28.)

## II. <u>Legal Standard</u>

---

[1] Plaintiff also initially filed a motion to remand (Dkt. No. 8) which was subsequently withdrawn pending preparation of the required supporting memorandum (Dkt. No. 9, 10). Plaintiff in his notice of withdrawal indicated he would refile the motion, though none was refiled. (Dkt. No. 10.) Nonetheless, as explained below, the Court *sua sponte* finds that it lacks subject-mater jurisdiction over this case and therefore remands this case to state court.

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Strawn*, 530 F.3d at 296 (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *In re Blackwater Sec. Consulting*, LLC, 460 F.3d 576, 583 (4th Cir. 2006).

### III. Discussion

As the Fourth Circuit held:

> In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. *See* 28 U.S.C. § 1447(c); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In addition, because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), the court may enter a remand order *sua sponte*.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court therefore assesses whether it has subject-matter jurisdiction[2] for any of the three claims brought by Plaintiff against Defendants.

---

[2] Defendants have not asserted subject-matter jurisdiction based on diversity jurisdiction and therefore the Court solely assess federal question jurisdiction. (Dkt. No. 1.) Additionally, as demonstrated by the Complaint, there is no complete diversity between the Parties. (Dkt. Nos. 1-1 at ¶¶ 1 – 4; 12 at ¶¶ 1 – 4.)

The Court has no federal question jurisdiction over the Plaintiff's first cause of action for wrongful discharge in violation of public policy. As both Parties acknowledge, South Carolina recognizes a cause of action for wrongful termination in violation of public policy, "[w]here the retaliatory discharge of an at-will employee constitutes [a] violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). However, the public policy exception to at-will employment does not exist in "situations where the employee has an existing statutory remedy for wrongful termination." *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 615, 713 S.E.2d 634, 637 (2011). Therefore, Defendants argue in their notice of removal that since the AIR 21 Act, 49 U.S.C. § 42121, a federal statute, provides Plaintiff with a remedy, federal question jurisdiction is appropriate. (Dkt. No. 1 at 4.) Defendants' statement is misplaced.

As is well settled, "federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint...." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004). Defendants' argument that the Air 21 Act provides Plaintiff with a statutory remedy, preventing Plaintiff from making out a claim for violation of public policy, serves as a possible defense to Plaintiff's claim. However, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987). The only instance where a defense of preemption confers federal question jurisdiction is under the "complete preemption" doctrine where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a

4

federal claim....'" *Id.* Here, however, the Air 21 Act is does not preempt any possible wrongful termination in violation of public policy claim, and the "complete preemption doctrine" has traditionally been limited only to claims under § 301 of the LMRA and ERISA. *See id.*; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542 (1987) (applying complete preemption doctrine to claims preempted by ERISA).

In addition to the fact that no court has ever found state claims to be completely preempted by the Air 21 Act, the doctrine of complete preemption has also "never been applied in a situation where there was no federal cause of action comparable to the state cause of action asserted by the plaintiff." *Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988). As is established by the text of the statute, which only creates an administrative complaint procedure, courts have "held that 49 U.S.C. § 42121(b)(1)'s [the Air 21 Act's] language does not imply or create a private right of action. *Schellhaas v. Sw. Airlines Co.*, No. CV 18-7979, 2019 WL 3238565, at *3 (E.D. La. July 18, 2019) (collecting cases).[3] Therefore, Plaintiff's claim for wrongful termination in violation of public policy, a South Carolina Supreme Court created exception to the at-will doctrine that turns on issues of state public policy, does not state a federal cause of action and the Court does not have subject-matter jurisdiction over the claim.

Defendants, in their notice of removal, do not state any grounds for federal question jurisdiction over Plaintiff's second cause of action for civil conspiracy. Civil conspiracy is a tort claim arising under South Carolina law. *See Pye v. Estate of Fox*, 369 S.C. 555, 567, 633 S.E.2d

---

[3] Defendants cite to *Hobek v. Boeing Co.*, No. 2:16-CV-3840-RMG-MGB, 2017 WL 9250342, at *4 (D.S.C. June 8, 2017), *report and recommendation adopted*, No. 2:16-CV-3840-RMG, 2017 WL 3085856 (D.S.C. July 20, 2017) supports the finding of no federal question subject matter jurisdiction here. As demonstrated in *Hobek*, the Air 21 Act may, if based on relevant allegations or facts, serve as a potential defense to a claim of wrongful termination in violation of public policy. However, as noted above, the availability of a federal defense does not confer jurisdiction.

5

505, 511 (2006) (stating elements for civil conspiracy). Further, the allegations giving rise to the claim for civil conspiracy are based on the similar facts to those supporting Plaintiff's claim for wrongful termination in violation of public policy. (*See* Dkt. No. 12 at ¶¶ 45 – 48; 56 – 60.) There is no indication that the claim for civil conspiracy is in any way a federal claim, and therefore the Court lacks subject-matter jurisdiction over this claim.

Finally, the Court holds that it lacks federal question jurisdiction over Plaintiff's third cause of action for unpaid overtime wages. To begin with, it is clear on the face of the Complaint that Plaintiff is bringing a claim under the South Carolina Payment of Wages Act ("SCPWA") as opposed to the FLSA, since Plaintiff seeks to recover "three times the full amount of the unpaid wages," which is the applicable maximum penalty under the SCPWA. (Dkt. No. 12 at ¶ 65.) S.C. Code Ann. § 41-10-80(C). The FLSA, by contrast, only permits, if applicable, liquidated damages equal to the amount of actual damages. *See* 29 U.S.C. § 216(b). Further, courts have been uniform in holding that the FLSA does not act to confer federal question jurisdiction under the complete preemption doctrine. *See Hinterberger v. Catholic Health Sys., Inc.*, 548 F. App'x 3, 5 (2d Cir. 2013) ("The Supreme Court has not extended complete preemption to the FLSA. The district court had no subject matter jurisdiction on the basis of the FLSA."); *Casey v. Rainbow Grp., Ltd.*, 109 F.3d 765 (5th Cir. 1997) ("Although its boundaries and precise contours remain somewhat unsettled, our circuit and the Supreme Court have provided enough guidance for us to find that the FLSA will not satisfy the daunting standard required to completely preempt plaintiffs' breach of contract claim."); *Inkrote v. Prot. Strategies Inc.*, No. 3:09-CV-51, 2009 WL 3295042, at *6 (N.D.W. Va. Oct. 13, 2009) (remanding case *sua sponte* and holding that "[t]o date, no court has included the FLSA as a statute within the complete preemption doctrine.") (collecting cases). Therefore, on the face of Plaintiff's well-pleaded complaint there is no federal question on

Plaintiff's claim for unpaid wages, and the Court lack's subject-matter jurisdiction over Plaintiff's third cause of action.[4]

IV. **Conclusion**

For the reasons set forth above, Defendants motions to dismiss (Dkt. Nos. 5, 16) are **DENIED AS MOOT** and this action is **REMANDED** to state court. As this case is remanded, the Parties Joint Motion for an Extension of Time (Dkt. No. 30) is also **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 7, 2019
Charleston, South Carolina

---

[4] As Defendants correctly state in their notice of removal, the FLSA may preempt duplicative state-law claims for unpaid wages. However, as noted above, defenses, even based on preemption, do not confer federal question jurisdiction unless the complete preemption doctrine applies. Therefore, while Defendants may ultimately assert a FLSA preemption defense to Plaintiff's claim, that defense does not confer jurisdiction here. Furthermore, even if Plaintiff ultimately amended his complaint to bring a claim under the FLSA, the Court would still lack subject-matter jurisdiction over Plaintiff's claims for wrongful termination and civil conspiracy, as the Court lacks federal question jurisdiction and supplemental jurisdiction would be improper as Plaintiff's first two causes of action are based on unrelated facts, namely reports of alleged safety violations and a termination rather than unpaid wages, and those claims raise complex policy issues grounded in state law. *See* 28 U.S.C. § 1367; 28 U.S.C. § 1441(c).